**In re BOOKER.**

[Cite as *In re Booker* (1999), 133 Ohio App.3d 387.]

Court of Appeals of Ohio,
First District, Hamilton County.

Nos. C–980213 and C–980214.

Decided March 5, 1999.

[redacted]

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for appellee.

*Jerome P. Stineman*, for appellant.

*Per Curiam.*

Appellant William Booker has taken the instant appeals from two separate entries, each dated February 5, 1998, and each ordering his permanent commitment to the Department of Youth Services ("DYS"), based upon his adjudication as a delinquent child.[1]  For the reasons that follow, we affirm the judgment of the juvenile court ordering Booker's permanent commitment to DYS under case No. C–980213.  With respect to case No. C–980214, however, we strike the appellant's brief and order that the appeal be rebriefed and resubmitted.

On December 16, 1996, the juvenile court adjudicated Booker a delinquent child for conduct that, if engaged in by an adult, would have constituted the criminal offense of domestic violence in violation of R.C. 2919.25.  On February 3, 1997, the court placed of record a stamped entry memorializing its determination to "COMMIT [Booker] TO THE TEMPORARY CUSTODY OF HILLCREST SCHOOL" and to "SUSPEND PERMANENT COMMITMENT TO [DYS]."[2]

---

1.  We have *sua sponte* removed these appeals from the accelerated calendar.

2.  The import of the court's order "SUSPEND[ing Booker's] PERMANENT COMMITMENT TO [DYS]" is unclear.  R.C. 2151.355 authorizes a juvenile court to enter a variety of dispositional orders, including an order committing a delinquent to the temporary custody of a school, an order permanently committing a delinquent to DYS, and an order placing a delinquent on probation.  See R.C. 2151.355(A)(2) through (7).  The statute does not expressly authorize an order "suspend[ing]" a permanent commitment order.  The order might generously be construed as imposing, and then holding in suspension, a permanent commitment order, while placing Booker on probation pursuant to R.C. 2151.355(A)(2).  The order does

In August 1997, the court terminated Booker's temporary commitment and placed him in Hillcrest's "aftercare" program.

On January 22, 1998, the juvenile court entered a second domestic-violence-based delinquency adjudication against Booker. On February 5, 1998, following a dispositional hearing, the court placed of record two entries: (1) an entry permanently committing Booker to DYS, based upon the January 1998 delinquency adjudication, and (2) an entry permanently committing him to DYS, based upon the December 1996 delinquency adjudication.

Booker, proceeding *pro se,* instituted separate appeals from the February 5, 1998 permanent commitment orders. His appeal from the permanent commitment order based on the January 1998 delinquency adjudication was assigned case No. C–980213. His appeal from the permanent commitment order based on the December 1996 adjudication was assigned case No. C–980214. Booker also filed an affidavit of indigency, prompting the appointment of counsel to represent him on appeal.

### *Case No. C–980213*

In case No. C–980213, Booker advances through appointed counsel a single assignment of error, in which he challenges the legal sufficiency of the evidence adduced in support of his January 1998 delinquency adjudication. This challenge is untenable.

■ The juvenile court adjudicated Booker a delinquent child in January 1998 for conduct that, if engaged in by an adult, would have constituted the offense of domestic violence in violation of R.C. 2919.25. R.C. 2919.25(A) proscribes the act of "knowingly caus[ing] or attempt[ing] to cause physical harm to a family or household member." At the hearing, the state presented uncontroverted evidence that Booker and his sister, with whom Booker resided, had engaged in a physical altercation over the issue of whether Booker would be leaving the house, and that Booker's sister sustained physical injuries as a consequence of this encounter.

Viewing the evidence in the light most favorable to the state, we conclude that " 'any rational trier of fact could have found the essential elements of the [offense of domestic violence] beyond a reasonable doubt.' " See *In re Washington* (1996), 75 Ohio St.3d 390, 392, 662 N.E.2d 346, 348, quoting *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573, to provide the

---

not, however, specify conditions of probation, and in the absence of a transcript of the proceedings resulting in either the December 1996 adjudication or the February 1997 disposition, the record in case No. C–980214 cannot be said to supply the missing probationary terms.

standard for an appellate court in reviewing the sufficiency of the evidence adduced in support of a delinquency adjudication. We, therefore, overrule the sole assignment of error advanced in case No. C–980213 and affirm the judgment from which the appeal was taken.

*Case No. C–980214*

In case No. C–980214, which is an appeal taken from the permanent commitment order based on the 1996 delinquency adjudication, appointed counsel has filed what purports to be a "no merit" brief. Counsel presents in this brief no assignments of error. Instead, citing the decision of the United States Supreme Court in *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, and the decision of the Court of Appeals for the Sixth Circuit in *Freels v. Hills* (C.A.6, 1988) 843 F.2d 958, counsel submits that he "has fully reviewed the record, and there are no infirmities in the disposition of the defendant on the charge of Trafficking in Drugs [*sic* ]." [3] He, therefore, requests that this court "independent[ly] review * * * the record to determine whether the proceedings [were] free from prejudicial error."

When court-appointed appellate counsel's "conscientious examination" of the record has led him to conclude that his client's appeal is "wholly frivolous," a conflict arises between an indigent's right to "counsel who will vigorously and fairly advocate his rights on appeal" and "the ethical strictures upon counsel generally to advance on behalf of a client only those issues which such counsel honestly believes fairly debatable under the law." *Freels* at 960–961. In *Anders, supra,* the United States Supreme Court sought to reconcile these considerations by requiring counsel to:

(1) advise the reviewing court of his conclusion that the appeal is frivolous "and request permission to withdraw";

(2) submit with his request to withdraw "a brief referring to anything in the record that might arguably support the appeal"; and

(3) furnish his client with a copy of the brief and afford the client "time * * * to raise any points that he chooses." *Anders,* 386 U.S. at 744, 87 S.Ct. at 1400, 18 L.Ed.2d at 498.

The reviewing court must then undertake "a full examination of all the proceedings to decide whether the case is wholly frivolous." *Id.* If it finds the case to be wholly frivolous, the court may either, consistent with the federal constitution, "grant counsel's request to withdraw and dismiss the appeal" or, if state law requires, "proceed to a decision on the merits." *Id.* If, on the other

---

**3.** The criminal offense underlying Booker's 1996 delinquency adjudication was not drug trafficking, but domestic violence.

hand, the court "finds any of the legal points arguable on their merits, * * * it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." *Id.*

Here, the brief setting forth counsel's conclusion that his review of the record has revealed "no infirmities in [Booker's] disposition" is not accompanied by counsel's request to withdraw and contains no reference to matters of record that might arguably support the appeal. Nor does the record suggest that counsel has provided Booker with a copy of the brief or that counsel has otherwise consulted with, sought the advice of, or notified Booker regarding his conclusion that the appeal is frivolous.

Counsel's failure to adhere to the dictates of *Anders* has deprived Booker of constitutionally adequate representation on appeal. See *Penson v. Ohio* (1988), 488 U.S. 75, 81, 109 S.Ct. 346, 351, 102 L.Ed.2d 300, 309 (holding that the court of appeals deprived petitioner of the effective assistance of appellate counsel by allowing counsel to withdraw in the absence of an *Anders* brief); *Freels* at 964 (holding that petitioner was denied the right to the effective assistance of appellate counsel, when counsel failed to move to withdraw or to consult with, seek the advice of, or notify his client of his intent to file an *Anders* brief). The remedy for such a deprivation must be fashioned to secure for the appellant "that which he has been denied." *Freels* at 964. Accordingly, we strike the appellant's brief and order counsel for the appellant to re-examine this case in light of this decision and, if appropriate, to follow the procedures mandated by *Anders* and its progeny. We further order counsel for appellant to file a new brief within thirty days of the date of this decision and order appellee to file a responsive brief within thirty days of the date of the filing of the appellant's new brief. The matter will thereafter be set for reargument.

*Judgment accordingly.*

DOAN, P.J., HILDEBRANDT and SHANNON, JJ., concur.

RAYMOND E. SHANNON, J., retired, of the First Appellate District, sitting by assignment.