The STATE of Ohio, Appellee,

v.

WILLIAMS, Appellant.

[Cite as *State v. Williams,* 183 Ohio App.3d 757, 2009-Ohio-4389.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–081197.

Decided Aug. 28, 2009.

</div>

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Scott M. Heenan, Assistant Prosecuting Attorney, for appellee.

Raymond Becker, for appellant.

CUNNINGHAM, Judge.

{¶ 1} Defendant-appellant Vernon Williams appeals from a conviction and sentence imposed by the Hamilton County Common Pleas Court. Following a bench trial, the trial court found Williams guilty of burglary and imposed an eight-year sentence of incarceration. His appointed counsel has filed a no-error brief. Because counsel failed to consult with, to seek the advice of, or to meaningfully notify Williams of his intent to file this no-error brief, Williams has been denied the right to effective assistance of appellate counsel.

{¶ 2} In his appellate brief, appointed counsel submits that "[a]fter reviewing the entire record, counsel can find no meritorious assignments of error to raise." [1] Therefore, counsel states, he has filed a no-error brief in accordance with *Anders v. California* [2] and its progeny. [3] He further states that "a copy of this Brief will be sent to [Williams], and * * * appellate counsel respectfully requests that this Court give [Williams] an opportunity to raise any points he may choose." [4] The certificate of service at the end of the brief, however, indicates that it has been served upon another person, not upon Williams.

{¶ 3} Appellate counsel has ultimately corrected this typographical error and has filed a document with this court confirming that he has served Williams with a copy of the appellate brief. Attached to that confirmation is the letter that counsel sent to Williams on the same day that the brief was filed. The body of the letter states, in its entirety, "I am enclosing the Appellate brief filed on your behalf in this matter.

{¶ 4} "The State is to file its Appeal Brief in due course.

{¶ 5} "I shall advise you of the outcome in due course."

{¶ 6} Appellate counsel has also moved this court for permission to withdraw as counsel and has further moved this court "to permit [Williams] time to raise any points she [sic] may choose."

{¶ 7} The role of appointed appellate counsel becomes problematic when "a conflict arises between an indigent's right to 'counsel who will vigorously and

---

1. Appellant's Brief at 8.

2. (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493.

3. See *Freels v. Hills* (C.A.6, 1988), 843 F.2d 958; see also *In re Booker* (1999), 133 Ohio App.3d 387, 390, 728 N.E.2d 405.

4. Id. at 9.

fairly advocate his rights on appeal' and 'the ethical strictures upon counsel generally to advance on behalf of a client only those issues which such counsel honestly believes fairly debatable under the law.'"[5] In *In re Booker*, we reviewed and summarized the obligations of appointed counsel when he or she is confronted with these unique circumstances. We held that *Anders*, *Freels v. Hills*, and our case law require appointed counsel to (1) advise the reviewing court of his conclusion that the appeal is frivolous and request permission to withdraw, (2) submit with his request to withdraw a brief referring to anything in the record that might arguably support the appeal, and (3) furnish his client with a copy of the brief and afford the client time to raise any points that he chooses.[6]

{¶ 8} In *Freels*, the United States Court of Appeals for the Sixth Circuit clarified the obligations of counsel. The court reviewed the federal district court's denial of habeas corpus relief for an indigent defendant whose no-error appeal had been affirmed by this court.[7] The Sixth Circuit held that appellate counsel's actions "denied [Freels] the right to effective assistance of appellate counsel"[8] when counsel had failed to move to withdraw or to consult with, seek the advice of, or notify his client of his intent to file an *Anders* brief.[9] This court also appends admonitions to each scheduling order sent to counsel. While the admonitions are merely advisory, they summarize this court's understanding of the dictates of *Anders* and its progeny. The admonitions to counsel in criminal cases provide that "[c]ounsel * * * is directed to contact the appellant prior to filing the brief * * *.

{¶ 9} "In those cases where counsel files an *Anders* brief, counsel should append to said brief the issues, if any, raised by the appellant. Further counsel shall file an affidavit indicating that he/she has advised the appellant that an *Anders* brief has been or will be filed and counsel shall file a Motion to Withdraw, which will be considered with the merits of the appeal."

{¶ 10} The purpose behind these procedures is to "afford[ ] adequate and effective appellate review for criminal indigents."[10] Requiring counsel to undertake these steps ensures that counsel, even when presented with the unique

---

**5.** *In re Booker*, 133 Ohio App.3d at 390, 728 N.E.2d 405, quoting *Freels v. Hills*, 843 F.2d at 960–961.

**6.** Id. at 390, 728 N.E.2d 405.

**7.** See 843 F.2d at 964.

**8.** Id.

**9.** See id. at 962.

**10.** *Smith v. Robbins* (2000), 528 U.S. 259, 284, 120 S.Ct. 746, 145 L.Ed.2d 756.

circumstances of a no-error brief, will continue to act "in the role of an active advocate in behalf of his client, as opposed to that of *amicus curiae*." [11]

{¶ 11} Only after counsel has fully performed these tasks does this court assume its sole obligation of conducting "a full examination of all the proceedings[ ] to decide whether the case is wholly frivolous." [12]

{¶ 12} Here, while Williams's appellate counsel has ultimately furnished his client with a copy of the no-error brief, he has failed to afford Williams the time or a meaningful opportunity to raise any points that he chooses in support of his appeal. Nothing in counsel's very brief letter to his client informed Williams that counsel was filing a no-error brief. Nothing in the letter, the brief, or the motion to withdraw sought Williams's advice on matters in support of his appeal. And nothing in any communication informed Williams that if he wished "to raise any points," he had to inform counsel of that fact so that those issues, if any, could be appended to the appellate brief or could be added by motion to supplement an already filed brief. To the contrary, the brief and the motion to withdraw have both sought to place counsel's obligation to consult with and to solicit the advice of Williams upon this court.

{¶ 13} We hold that counsel's failure to adhere to the procedures identified in *Anders* and its progeny has deprived Williams of the effective assistance of counsel on appeal. "The remedy for such a deprivation must be fashioned to secure for the appellant 'that which he has been denied.' " [13] Accordingly, we grant appellate counsel's motion to withdraw, strike Williams's brief, and appoint attorney Ravert J. Clark to serve as counsel for Williams. We order Clark to reexamine this case in light of this opinion and, if appropriate, to follow the procedures mandated by *Anders* and its progeny. We further order Clark to file a new brief on or before October 28, 2009, and the state to file a responsive brief on or before November 30, 2009. The case will then be set for reargument.

Judgment accordingly.

HILDEBRANDT, P.J., and PAINTER, J., concur.

---

11. *Anders v. California,* 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493.

12. Id.; see also *In re Booker,* 133 Ohio App.3d at 390, 728 N.E.2d 405.

13. *In re Booker,* 133 Ohio App.3d at 391, 728 N.E.2d 405, quoting *Freels v. Hills,* 843 F.2d at 964.