[Cite as *State v. Gilbert*, 2012-Ohio-1366.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-110382 |
| | | TRIAL NO. B-0901283 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| KAREEM GILBERT, | : | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment of Court: Motion to Withdraw As Counsel for Appellant is Granted, New Counsel for Appellant is Appointed, Further Briefing Ordered, and Appeal is Ordered to be Resubmitted.

Date of Judgment Entry on Appeal:  March 30, 2012

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Melynda J. Machol*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Timothy J. McKenna*, for Defendant-Appellant.

Please note:  This case has been removed from the accelerated calendar.

**CUNNINGHAM, Presiding Judge.**

{¶1} Defendant-appellant Kareem Gilbert appeals from the trial court's May 2011 judgment of conviction for murder, an accompanying firearm specification, and having weapons while under a disability. Gilbert's appointed appellate counsel has filed a no-error brief stating that no meritorious issues exist to support Gilbert's appeal. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

### I. The Trial Court Reconsiders Its Final Judgment

{¶2} In May 2010, after entering into a detailed agreement with the state, Gilbert entered pleas of guilty to voluntary manslaughter with an accompanying firearm specification, having a weapon while under a disability, and witness intimidation. In exchange, the state dismissed other weapons charges and a count of aggravated murder with an accompanying firearm specification. The trial court accepted Gilbert's guilty pleas and sentenced him to an aggregate sentence of 18 years' imprisonment.

{¶3} A year later, in May 2011, the state moved to vacate Gilbert's pleas, contending Gilbert had breached his 2010 plea agreement by failing to give truthful testimony in a criminal case against his father, Reuben Jordan. Gilbert's trial counsel informed the court that Gilbert did not object to the state's motion to vacate his pleas. Gilbert admitted he had breached the plea agreement but maintained he had testified truthfully in the Jordan case.

{¶4} The trial court granted the state's motion to vacate Gilbert's pleas. At the same hearing, Gilbert then pleaded guilty to murder with an accompanying firearm specification and to having a weapon while under a disability. The trial court

accepted Gilbert's guilty pleas, withdrew the prior sentence, and imposed a new aggregate sentence of 18 years to life in prison. This appeal followed.

## II. The No-Error Brief and This Court's Sole Obligation

{¶5} Gilbert's appointed appellate counsel has advised this court that, after a conscientious examination of the record, he can discern no error in the trial proceedings that would arguably support Gilbert's appeal. *See Freels v. Hills,* 843 F.2d 958, 960 (6th Cir.1988); *see also Anders,* 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. Appellate counsel communicated this conclusion to Gilbert but has received no response. *See* Loc.R. 16.2(C)(1). Counsel has moved this court for permission to withdraw as counsel. *See Anders* at 744.

{¶6} At counsel's urging, this court now "assume[s] its sole obligation of conducting 'a full examination of all the proceedings[ ] to decide whether the case is wholly frivolous.' " *State v. Williams,* 183 Ohio App.3d 757, 2009-Ohio-4389, 918 N.E.2d 1043, ¶ 11 (1st Dist.), quoting *Anders* at 744. If this court determines that the appeal is wholly frivolous, then the court may proceed to a decision on the merits. *See In re Booker,* 133 Ohio App.3d 387, 390, 728 N.E.2d 405 (1st. Dist.1999), citing *Anders* at 744. If, however, this court determines that any legal points arguable on their merits and prejudicial to the defendant exist, we must ensure, prior to decision, that the indigent defendant receives the assistance of counsel to argue the appeal. *See id.* at 390-391.

## III. Arguable Issue of the Trial Court's Authority to Reconsider Its May 2010 Judgment of Conviction

{¶7} Based upon our review of the record and the applicable law, we do not agree with appointed counsel's assertion that Gilbert's appeal is wholly frivolous. We

find that an arguable issue exists as to whether, after the 2010 judgment of conviction had been journalized, the trial court had authority to grant the state's 2011 motion to vacate Gilbert's pleas, and then to reconsider its own valid final judgment and resentence Gilbert.

{¶8}   It is well-established law in Ohio that "trial courts lack authority to reconsider their own valid final judgments in criminal cases." *State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 338, 686 N.E.2d 267 (1997); *see also State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18.  No matter what term we attach to it—subject-matter jurisdiction or authority—the trial court's power to hear and its authority to decide cases is conferred "by law," and not by the parties.  Ohio Constitution, Article IV, Section 18; *see also Morrison v. Steiner*, 32 Ohio St.2d 86, 290 N.E.2d 841 (1972), paragraph one of the syllabus; Ohio Constitution, Article IV, Section 4(B) (a common pleas court's jurisdiction is fixed by statute).  Thus "[a]bsent statutory authority," the trial court was not empowered to modify its May 2010 criminal sentence, and its attempt to do so may have been improper.  *State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, 961 N.E.2d 671, ¶ 1.

### *Assistance of Counsel to Argue the Appeal*

{¶9}   The appeal is not, therefore, wholly frivolous.  Since legal points arguable on their merits remain to be resolved, this court cannot now reach a decision on the merits of the appeal.  *See Anders,* 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493.  Without the assistance of counsel to argue these matters for Gilbert, and without the state's response, we are ill-equipped to determine whether the court had jurisdiction or authority to act.  *See In re Booker*, 1st Dist. No. C-980214, 1999 Ohio App. LEXIS 3378, *9 (July 23, 1999).

{¶10} We, therefore, grant counsel's motion to withdraw. We appoint attorney Ravert J. Clark, Attorney Registration Number 0042027, to serve as counsel for Gilbert. We order him to present, in accordance with App.R. 12 and 16(A), an assignment of error on the issue of whether the trial court had authority to grant the state's motion to vacate Gilbert's pleas and to reconsider and modify its May 2010 criminal sentence, and on any other matter counsel may discover in a diligent review of the record.

{¶11} We further order new counsel to file a brief on or before May 29, 2012, and counsel for the state to file a responsive brief on or before June 29, 2012.

Judgment accordingly.

FISCHER, J., concurs separately.
DINKELACKER, J., dissents.

FISCHER, J., concurring separately.

{¶12} I concur with the result of the lead opinion in so far as I believe that an arguable issue exists as to whether the trial court had authority to grant the state's motion to vacate Gilbert's pleas and resentence Gilbert, but I write separately to note that, because *Carlisle* was concerned with a trial court's exercise of its authority, as opposed to subject-matter jurisdiction, Gilbert may have waived any error with regard to the trial court's exercise of authority. *See Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11-12 (distinguishing between a court's subject-matter jurisdiction and the court's exercise of jurisdiction); *see, e.g., State v. Fugate*, 6th Dist. No. F-07-003, 2007-Ohio-6126, ¶ 10 (determining that "[p]urported errors in a court's decision in the exercise of its jurisdiction may be waived and are waived by failure to interpose timely objections."); *but see* Crim.R.

52(B) (discussing plain error).  Therefore, I would have ordered appointed counsel for Gilbert to address whether, assuming that the trial court erred, such an error can be waived, and whether Gilbert waived such error, if any.

**DINKELACKER, J.**, dissenting.

{¶13}  I do not agree that the record supports the appointment of counsel in this case.  Having thoroughly reviewed the record, I agree with the determination of both appointed counsel and the state that Gilbert has no meritorious arguments to present to this court.  I therefore dissent.

Please note:

The court has recorded its own entry on the date of the release of this opinion.