[Cite as *State v. Hodges*, 2012-Ohio-2462.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-110630 |
| | | TRIAL NO. B-1006698 |
| Plaintiff-Appellee | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| CHRISTOPHER HODGES, | : | |
| | | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment of Court:  Motion to Withdraw as Counsel for Appellant is Granted, New Counsel for Appellant is Appointed, Further Briefing is Ordered, and Appeal is Ordered to be Resubmitted

Date of Judgment Entry on Appeal:  June 6, 2012


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Melynda J. Machol*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*The Farrish Law Firm* and *Michaela M. Stagnaro*, for Defendant-Appellant.


Please note:  This case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1}    Following guilty pleas, defendant-appellant Christopher Hodges was convicted of one count of attempt to commit felonious assault, one count of having weapons while under disability, and two counts of attempt to commit improper discharge of a firearm.  Hodges's appointed appellate counsel has filed a no-error brief pursuant to Loc.R. 16.2 following the procedures identified in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

## Factual Background

{¶2}    In October 2010, the Hamilton County Grand Jury returned an indictment charging Hodges with several offenses stemming from a gunfight that injured Demetrius Elliot.  The bill of particulars reflects that on the morning of September 24, 2010,

> [A]t 5418 Winneste Ave., Defendant and Victim engaged in a verbal altercation.  This escalated to the point when Defendant pulled a weapon and fired several shots at Victim striking him once and critically injuring him.  Victim fired a shot back striking defendant in the side.  Defendant, while firing shots at Victim shot in the direction of an apartment building.  Bullets were recovered in from [sic] 5417 Winneste and a bullet hole was discovered at 5411 Winneste.  Because Defendant was convicted of Drug Trafficking in 2007, he was under disability and precluded from possessing a firearm.

**{¶3}** Hodges pleaded guilty to one count of attempt to commit felonious assault under R.C. 2903.11(A)(2) in violation of R.C. 2923.02, one count of having weapons while under disability in violation of R.C. 2923.13(A)(3), and two counts of attempt to commit improper discharge of a firearm under R.C. 2923.161(A)(1) in violation of R.C. 2923.02. At the sentencing hearing, the trial court rejected defense counsel's argument that the offenses should merge under R.C. 2941.25, and sentenced Hodges to an aggregate prison term of 11 years. This appeal followed.

## Analysis

**{¶4}** Appointed appellate counsel for Hodges has advised this court that, after a conscientious examination of the record, she has concluded that this appeal is frivolous. *See State v. Gilbert*, 1st Dist. No. C-110382, 2012-Ohio-1366, ¶ 5, citing *Freels v. Hills*, 843 F.2d 958, 960 (6th Cir.1988); *see also Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. Counsel has communicated her conclusion to Hodges and has offered him an opportunity to respond and to raise any issues. He has not done so. She has, therefore, moved this court for permission to withdraw as counsel for Hodges. *See Anders* at 744.

**{¶5}** At counsel's urging, we now assume our "sole obligation of conducting 'a full examination of all the proceedings * * * to decide whether the case is wholly frivolous.' " *State v. Williams*, 183 Ohio App.3d 757, 2009-Ohio-4389, 918 N.E.2d 1043, ¶ 11 (1st Dist.), quoting *Anders* at 744. If we determine that the appeal is wholly frivolous, we may then proceed to a decision on the merits. *See In re Booker*, 133 Ohio App.3d 387, 390, 728 N.E.2d 405 (1st Dist.1999), citing *Anders* at 744. If, however, we conclude that "any legal points arguable on their merits and prejudicial to the defendant exist, we must ensure, prior to decision, that the indigent defendant receives the assistance of counsel to argue the appeal." *Gilbert* at ¶ 6, citing *Booker* at 390-391.

{¶6}   Based on our review of the record and the applicable law, we cannot say that this appeal is wholly frivolous.  We find that an arguable issue exists as to whether Hodges's convictions for attempt to commit felonious assault and attempt to commit improper discharge of a firearm should merge under R.C. 2941.25, as argued by defense counsel at the sentencing hearing.

{¶7}   Because legal points arguable on their merits remain to be resolved, we cannot now reach a decision on the merits of the appeal.  *Gilbert* at ¶ 9, citing *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493.  Without the assistance of counsel to argue these matters for Hodges, and without the state's response, we are ill-equipped to determine whether R.C. 2941.25 requires merger in this case.  *See id.*

{¶8}   We, therefore, grant counsel's motion to withdraw.  We appoint attorney Scott A. Rubenstein, Attorney Registration Number 0071655, to serve as counsel for Hodges.  We order new counsel to present, in accordance with App.R. 12 and 16(A), an assignment of error on the issue of whether the trial court erred in convicting Hodges of one count of attempt to commit felonious assault and two counts of attempt to commit improper discharge of a firearm under R.C. 2941.25, and on any other matter that new counsel may discover in a diligent review of the record.

{¶9}   We further order new counsel to file a brief on or before July 31, 2012, and counsel for the state to file a responsive brief on or before August 31, 2012.

Judgment accordingly.

**SUNDERMANN, P.J.,** and **HENDON, J.,** concur.

Please note:
    The court has recorded its own entry this date.

4