[Cite as *State v. Temaj-Felix*, 2013-Ohio-387.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-120040<br>TRIAL NO. B-1102150 |
| Plaintiff-Appellee | : | |
| vs. | : | *O P I N I O N.* |
| RODOLFO TEMAJ-FELIX, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment of Court: Motion to Withdraw as Counsel for Appellant is Granted, New Counsel for Appellant is Appointed, Further Briefing is Ordered, and Appeal is Ordered to be Resubmitted

Date of Judgment Entry on Appeal: February 8, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Melynda J. Machol*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Bruce K. Hust*, for Defendant-Appellant.

Please note: this case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1} Following pleas of guilty, defendant-appellant Rodolfo Temaj-Felix was convicted of one count of aggravated vehicular homicide, one count of aggravated vehicular assault, and two counts of failure to stop after an accident. He was sentenced to an aggregate prison term of 18 years, and this appeal followed.

{¶2} Appointed appellate counsel for Temaj-Felix has submitted a no-error brief in accordance with Loc.R. 16.2, stating that he has failed to find "anything in the record that might arguably support the appeal." *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel has communicated his determination to Temaj-Felix, has offered his client an opportunity to raise any issues in support of his appeal, has brought those issues identified by Temaj-Felix to the attention of this court, and has moved for permission to withdraw as counsel. *See State v. Gilbert*, 1st Dist. No. C-110382, 2012-Ohio-1366, ¶ 5, citing *Freels v. Hills*, 843 F.2d 958, 960 (6th Cir.1988); *see also Anders* at 744. The state has agreed that the trial court did not err to the prejudice of Temaj-Felix.

{¶3} This court, therefore, must now "assume its sole obligation of conducting 'a full examination of all the proceedings [ ] to decide whether the case is wholly frivolous.' " *State v. Williams*, 183 Ohio App.3d 757, 2009-Ohio-4389, 918 N.E.2d 1043, ¶ 11 (1st Dist.), citing *Anders* at 744. "If this court determines that the appeal is wholly frivolous, then the court may proceed to a decision on the merits." *Gilbert* at ¶ 6, citing *In re Booker*, 133 Ohio App.3d 387, 390, 728 N.E.2d 405 (1st Dist.1999). "If, however, this court determines that any legal points arguable on their merits and prejudicial to the defendant exist, we must ensure, prior to decision, that the

2

indigent defendant receives the effective assistance of counsel to argue the appeal." *Gilbert* at ¶ 6, citing *Booker* at 390-391.

## Background

{¶4}    In April 2011, the grand jury returned an indictment charging Temaj-Felix with one count of aggravated vehicular homicide, in violation of R.C. 2903.06(A)(1)(a), for causing the death of Shakir West; one count of aggravated vehicular homicide, in violation of R.C. 2903.06(A)(2)(a), also for causing the death of West; one count of aggravated vehicular assault, in violation of R.C. 2903.08(A)(1)(a), for causing physical harm to Niya Taylor; one count of aggravated vehicular assault, in violation of R.C. 2903.08(A)(2)(b), also for causing physical harm to Taylor; and two counts of failure to stop after an accident, each in violation of R.C. 4549.02, one count with respect to West and the other with respect to Taylor.

{¶5}    According to the bill of particulars:

[O]n or about April 2nd, 2011 at approximately 6:30am, in the area of Westwood Avenue near the intersection with Grand Avenue, Cincinnati, Ohio, the defendant was travelling East on Westwood Avenue and did run a red light and struck Niya Taylor and Shakir West who were crossing Westwood Avenue, killing Shakir West and causing injury to Niya Taylor including, but not limited to, fractures to her ankles, legs, ribs, and neck and causing blood clots. The defendant did not stop at the scene of the accident. After he did stop his vehicle he was found to be driving without a license and with a blood alcohol level of .213g/210L.

{¶6} Temaj-Felix pleaded guilty to one count of aggravated vehicular homicide, one count of aggravated vehicular assault, and both counts of failure to stop after an accident. The remaining charges were dismissed. In addition to a lifetime driver's license suspension, the trial court sentenced Temaj-Felix to consecutive prison terms of 11 years for the aggravated vehicular homicide, four years for the aggravated vehicular assault, two years for failing to stop after an accident with respect to West, and one year for the same offense with respect to Taylor. This appeal followed.

### Arguable Issue

{¶7} After independently reviewing the record and the applicable law, we cannot say that this appeal is wholly frivolous. We specifically find that an arguable issue exists as to whether Temaj-Felix's two convictions for failure to stop after an accident should merge under R.C. 2941.25. *See State v. Hundley*, 1st Dist. No. C-060374, 2007-Ohio-3556, ¶ 14-16; *see also State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, syllabus.

{¶8} Because legal points arguable on their merits remain to be resolved, this court cannot now, without the assistance of counsel to argue these matters for Temaj-Felix, as well as the state's response, "fulfill its constitutionally mandated function and affirm, reverse, or modify the judgment" of the trial court. *In re Booker*, 1st Dist. No. C-980214, 1999 Ohio App. LEXIS 3378, *7 (July 23, 1999), citing *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 and Ohio Constitution, Article IV, Section 3(B)(2).

{¶9} We, therefore, grant counsel's motion to withdraw. We appoint attorney Scott Rubenstein, Attorney Registration Number 0071655, to serve as counsel for Temaj-Felix. We order new counsel to present, in accordance with App.R. 12 and 16(A), an assignment of error on the issue of whether the trial court

erred in convicting Temaj-Felix of two counts of failure to stop after an accident under R.C. 2941.25, and on any other matter that he may discover in a diligent review of the record.

{¶10}    We further order new counsel to file a brief on or before April 1, 2013, and counsel for the state to file a responsive brief on or before May 1, 2013.

Judgment accordingly.

**HENDON, P.J.,** and **DINKELACKER, J.,** concur.

Please note:

The court has recorded its own entry this date.