[Cite as *State v. Tsibouris*, 2013-Ohio-3324.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-120414 |
| | | C-120415 |
| Plaintiff-Appellee, | : | TRIAL NOS. C-11CRB-37372-A |
| | | C-11CRB-37372-B |
| vs. | : | |
| DENISE TSIBOURIS, | : | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeals From: Hamilton County Municipal Court

Judgment of Court: Motion to Withdraw As Counsel for Appellant is Granted, New Counsel for Appellant is Appointed, Further Briefing is Ordered, and Appeal is Ordered to be Resubmitted

Date of Judgment Entry on Appeal: July 31, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Christopher L. Jackson*, for Defendant-Appellant.

Please note: these consolidated cases have been removed from the accelerated calendar.

**CUNNINGHAM, Presiding Judge.**

{¶1}   Following a jury trial, defendant-appellant Denise Tsibouris appeals from her convictions for resisting arrest and for disorderly conduct.  Her appointed appellate counsel has filed a no-error brief in which he stated that he had thoroughly reviewed the entire record, and had found no meritorious issues to support Tsibouris' appeals.  *See Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *see also State v. Williams*, 183 Ohio App.3d 757, 2009-Ohio-4389, 918 N.E.2d 1043, ¶ 7 (1st Dist.).   But because appointed counsel failed to conscientiously examine the record before filing a no-error brief, Tsibouris has been denied the effective assistance of appellate counsel.

{¶2}   Tsibouris filed timely pro se notices of appeal from her convictions. She also filed affidavits declaring that she was indigent and could not afford to employ counsel to bring her appeal.  On June 26, 2012, this court appointed counsel to represent her and authorized the preparation of a transcript of the proceedings at public expense.   Pursuant to our scheduling order in this matter, Tsibouris was required to file the transcript of proceedings by August 20, 2012, and her brief by September 20, 2012.

{¶3}   In September 2012, appointed counsel moved for additional time because a transcript of the guilt-or-innocence phase of the trial had not been prepared.  A nine-page transcript of the sentencing hearing had been filed with the court.  But as counsel correctly noted, the sentencing transcript would "not show if any [trial] errors [had been] preserved for proper appellate review."  *See Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980) (holding that the duty to provide a transcript for appellate review falls upon the appellant because

she bears the burden of showing error by reference to matters in the record). This court granted the motion and extended the time for Tsibouris to file her brief and the transcript of the proceedings until November 13, 2012.

{¶4} Over the next five months, appointed counsel filed three separate no-error briefs in this case. Two briefs, filed in November 2012 and March 2013, were stricken for defects as to their form. The third brief was filed in April 2013. But a transcript of the trial proceedings was not prepared and filed until July 22, 2013, the day before this matter was submitted for decision, and eight months after counsel had filed his first no-error brief.

{¶5} In each no-error brief, appointed counsel acknowledged his duty "to review the record in order to determine if there are any meritorious issues that can be presented." In each brief, he made the affirmative statement that "after thoroughly reviewing *the entire record* and researching all possible issues and *all potential sources for error*," no meritorious issues existed to support Tsibouris' appeals. (Emphasis added.) He then asked this court to independently review the record and determine whether the appeals were wholly frivolous. *See Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. He also moved for permission to withdraw as counsel following his "conscientious examination of the record."

{¶6} The procedures identified in *Anders* and its progeny, permit appointed counsel to represent his indigent client and yet avoid the ethical pitfalls of filing a frivolous appeal. *See, e.g., In re Booker*, 133 Ohio App.3d 387, 390, 728 N.E.2d 405 (1st Dist.1999). The initial step of this procedure is a fundamental one: "Appointed counsel is first required to conduct 'a conscientious examination' of the case." *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), quoting *Anders*, 386

3

U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493; *see* 1st Dist. Loc.R. 16.2(B)(1). Counsel filing a no-error brief "must still provide his or her client * * * a thorough review of the record and a discussion of the strongest arguments revealed by that review." *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 444, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988). All other obligations of counsel flow from an initial inquiry into the state of the record. *See, e.g., Williams*, 183 Ohio App.3d 757, 2009-Ohio-4389, 918 N.E.2d 1043, at ¶ 7. Counsel simply cannot conclude that an appeal is frivolous without first conducting a detailed review of the case. *See Penson* at 81-82.

{¶7} "Requiring counsel to undertake these steps ensures that counsel, even when presented with the unique circumstances of a no-error brief, will continue to act 'in the role of an active advocate in behalf of his client.' " *Williams*, 183 Ohio App.3d 757, 2009-Ohio-4389, 918 N.E.2d 1043, at ¶ 10, quoting *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. Without the active and meaningful assistance of counsel to review the record, to communicate with his client, and to argue matters preserved in the record, we are ill-equipped to review any appeal much less one brought under *Anders*. *See In re Booker*, 1st Dist. Hamilton No. C-980214, 1999 Ohio App. LEXIS 3378, *9 (July 23, 1999).

{¶8} An appellate court reviewing a no-error brief must first "satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal." *McCoy* at 442; *see Penson* at 81-82. In this case, a transcript of the guilt-or-innocence phase of the trial was not filed until eight months after counsel had filed his first of three no-error briefs, and one day before this matter was submitted for decision. We hold that appointed counsel has not conducted a conscientious examination of the case—an essential

prerequisite to concluding that the proceedings in the trial court were free from error–thus depriving Tsibouris of constitutionally adequate representation on appeal.

{¶9} We, therefore, grant counsel's motion to withdraw. We appoint attorney William F. Oswall, Jr., Attorney Registration Number 0080597, to serve as counsel for Tsibouris. We order him to present a brief on any matter counsel may discover in a diligent review of the record, or if a conscientious review of the record reveals that the appeals are wholly frivolous, to prepare a no-error brief made in conformity with law and this opinion.

{¶10} We further order new counsel to file a brief on or before September 12, 2013, and counsel for the state to file a responsive brief on or before October 14, 2013.

Judgment accordingly.

**DINKELACKER** and **FISCHER, JJ.**, concur.

Please note:
    The court has recorded its own entry on the date of the release of this opinion.