[Cite as *State v. Temaj-Felix*, 2013-Ohio-4463.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-120040 |
| | | TRIAL NO. B-1102150 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | : | |
| RODOLFO TEMAJ-FELIX, | | |
| | | |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Sentences Vacated in Part, and Cause Remanded

Date of Judgment Entry on Appeal: October 9, 2013


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Melynda J. Machol,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Scott A. Rubenstein*, for Defendant-Appellant.


Please note: this case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1}   Defendant-appellant Rodolfo Temaj-Felix appeals the judgment of the trial court convicting him of two counts of failing to stop after an accident under R.C. 4549.02 where Temaj-Felix had admitted to driving while intoxicated, running a red light, striking two people who had been crossing the street—killing one person and injuring the other—and then driving away.   Because we determine that the two failure-to-stop counts were allied offenses of similar import that were committed neither separately nor with a separate animus under R.C. 2941.25, we vacate the sentences imposed on those two counts and remand for resentencing on one of those counts.

{¶2}   This appeal originated with Temaj-Felix's previous counsel filing a no-error brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), which stated that no meritorious issues existed to support Temaj-Felix's appeal.   This court, however, determined that an arguable legal issue existed to support a meritorious appeal, specifically whether Temaj-Felix's two convictions for failure to stop should merge under R.C. 2941.25.   Therefore, pursuant to *Anders*, we appointed new counsel for Temaj-Felix to brief that issue.   *State v. Temaj-Felix*, 1st Dist. Hamilton No. C-120040, 2013-Ohio-387, ¶ 7.

{¶3}   The facts underlying Temaj-Felix's appeal are as follows: Temaj-Felix pleaded guilty to one count of aggravated vehicular homicide, one count of aggravated vehicular assault, and two counts of failure to stop after an accident.   According to the bill of particulars,

> On or about April 2nd, 2011 at approximately 6:30am,
>
> in the area of Westwood Avenue near the intersection

2

with Grand Avenue, Cincinnati, Ohio, the defendant was travelling East on Westwood Avenue and did run a red light and struck [N.T.] and [S.W.] who were crossing Westwood Avenue, killing [S.W.] and causing injury to [N.T.] including, but not limited to, fractures to her ankles, legs, ribs, and neck and causing blood clots. The defendant did not stop at the scene of the accident. After he did stop his vehicle he was found to be driving without a license and with a blood alcohol level of .213g/210L.

*Temaj-Felix* at ¶ 5.

{¶4} The trial court imposed an 11-year prison term on the homicide count, four years on the assault count, two years on the failure-to-stop count as to S.W., and one year on the failure-to-stop count as to N.T. The trial court ordered the terms be served consecutively for an aggregate sentence of 18 years in prison, and the trial court imposed a lifetime driver's license suspension.

{¶5} In a single assignment of error, Temaj-Felix argues that the trial court erred when it failed to merge his failure-to-stop convictions under R.C. 2941.25, Ohio's multiple-count statute. We review a trial court's decision under R.C. 2941.25 de novo. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 28. Where a defendant fails to object on allied-offense grounds as to the imposition of multiple convictions, just as Temaj-Felix failed to do in this case, the defendant has waived all but plain error. *See State v. Anderson*, 2012-Ohio-3347, 974 N.E.2d 1236, ¶ 14 (1st Dist.), citing *State v. Fields*, 97 Ohio App.3d 337, 344, 646 N.E.2d 866

3

(1st Dist.1994). A guilty plea to multiple counts that should have been merged under R.C. 2941.25 does not prevent this court from reviewing for plain error. *See Anderson* at ¶ 14, citing *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 26.

{¶6} "Under R.C. 2941.25 * * * a trial court, in a single proceeding, may convict a defendant for two or more offenses having as their genesis the same criminal conduct or transaction if the offenses (1) were not allied offenses of similar import, (2) were committed separately, or (3) were committed with a separate animus as to each offense." *Anderson* at ¶ 15; *see State v. Bickerstaff*, 10 Ohio St.3d 62, 65-66, 461 N.E.2d 892 (1984).

{¶7} Two or more offenses are allied offenses of similar import if the state relies on the same conduct to prove each offense. *State v. Adams*, 1st Dist. No. C-120059, 2013-Ohio-926, ¶ 21, citing *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061 and *Anderson*; *State v. Campbell*, 2012-Ohio-4231, 978 N.E.2d 970, ¶ 10 (1st Dist.). Offenses that are part of "one sustained, continuous act" are committed together. *Anderson* at ¶ 24. Furthermore, animus, which can be inferred "from the surrounding circumstances[,]" has been defined as the defendant's "immediate motive." *State v. Logan*, 60 Ohio St.2d 126, 131, 397 N.E.2d 1345 (1975).

{¶8} R.C. 4549.02(A) provides that:

In case of accident to or collision with persons or property upon any of the public roads or highways, due to the driving or operation thereon of any motor vehicle, the person driving or operating the motor vehicle,

having knowledge of the accident or collision, immediately shall stop the driver's or operator's motor vehicle at the scene of the accident or collision and shall remain at the scene of the accident or collision until the driver or operator has given the driver's or operator's name and address * * * to any person injured in the accident or collision * * * or to any police officer at the scene of the accident or collision.

In the event the injured person is unable to comprehend and record the information required to be given by this section, the other driver involved in the accident or collision forthwith shall notify the nearest police authority * * *, and then remain at the scene of the accident or collision until a police officer arrives * * *.

{¶9} This court considered whether multiple failure-to-stop charges under R.C. 4549.02 pertaining to multiple victims, but only a single collision, were allied offenses of similar import in *State v. Hundley*, 1st Dist. Hamilton No. C-060374, 2007-Ohio-3556, overruled on other grounds as stated in *Campbell* at ¶ 12. In *Hundley*, the defendant lost control of his vehicle and hit a utility pole, killing three of his passengers on the scene and a fourth died hours later. Hundley was convicted of four counts of failing to stop after an accident under R.C. 4549.02, one for each victim. In determining that Hundley should have only been sentenced on one of the failure-to-stop counts, this court reasoned that the prosecution relied upon the same

conduct to support each of the four counts because "[t]he unit of prosecution in [R.C. 4549.02] is not the number of victims, but the number of collisions." *Id.* at ¶ 15.

{¶10} Our determination in *Hundley* as it pertains to the unit of prosecution in R.C. 4549.02 remains unchanged by the conduct-based allied-offense test of *State v. Johnson*. Therefore, in determining whether Temaj-Felix's two failure-to-stop offenses are allied offenses of similar import that must be merged, we are guided by the number of collisions and not the number of victims. *See Hundley* at ¶ 15.

{¶11} According to the bill of particulars filed by the state, Temaj-Felix ran a red light in his vehicle and struck N.T. and S.W., who were crossing the street, killing S.W. and injuring N.T. Temaj-Felix did not stop at the scene. Based upon these facts, only one collision occurred. Following *Hundley*, Temaj-Felix's offenses under R.C. 4549.02 were allied offenses of similar import that were neither committed separately, nor with a separate animus, and those offenses should have been merged under R.C. 2941.25. *See Anderson*, 2012-Ohio-3347, 974 N.E.2d 1236, at ¶ 15. Therefore, we sustain Temaj-Felix's assignment of error.

{¶12} Temaj-Felix's sentences for two counts of failure to stop after an accident under R.C. 4549.02 are vacated, and this cause is remanded for resentencing on one count of failure to stop in accordance with the state's election. *See State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, paragraphs one and two of the syllabus. The remainder of the trial court's judgment is affirmed.

Judgment affirmed in part, sentences vacated in part, and cause remanded.

DINKELACKER, P.J., and DEWINE, J., concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.