[Cite as *State v. Mack*, 2014-Ohio-4072.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

|                          |     |                          |
|--------------------------|-----|--------------------------|
| STATE OF OHIO,           | :   | APPEAL NO. C-140054      |
|                          |     | TRIAL NO. B-1305133      |
| Plaintiff-Appellee,      | :   |                          |
|                          |     | *O P I N I O N.*         |
| vs.                      | :   |                          |
|                          |     |                          |
| JORMELL MACK,            | :   |                          |
|                          |     |                          |
| Defendant-Appellant.     | :   |                          |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment of Court:  Motion to Withdraw As Counsel for Appellant is Granted, New Counsel for Appellant is Appointed, Further Briefing is Ordered, and Appeal is Ordered to be Resubmitted

Date of Judgment Entry on Appeal:  September 19, 2014

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*J. Thomas Hodges*, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**DINKELACKER, Presiding Judge.**

{¶1}     Defendant-appellant Jormell Mack was charged with trafficking in and possession of cocaine, felonies of the second degree.  At the time he was indicted, Mack had been serving a community-control sentence for failure to comply with an order or signal of a police officer, a felony of the third degree.  Mack admitted that the new offenses constituted a violation of the terms of his community control.

{¶2}     At a subsequent hearing, Mack entered a plea of guilty to the cocaine-trafficking charge.  The plea form was titled "plea of guilty to an agreed sentence," and noted that the parties had agreed to a two-year prison term.  In exchange for his guilty plea, the cocaine-possession charge was dismissed by the state.  After his guilty plea was accepted, the trial court proceeded to sentence Mack on both the drug-trafficking charge and the community-control violation.  The trial court said that it was "going to terminate probation on the old charge.  But you get a penalty for that. I will give you two years on the new charge, but you're getting two more years on the probation violation.  So on case B-1305133, it will be four years Ohio Department of Corrections."

{¶3}     In the judgment entry, the trial court sentenced Mack to four years in prison for trafficking in cocaine.  The entry did not mention the community-control violation.

{¶4}     Appointed appellate counsel for Mack has advised this court that, after a conscientious examination of the record, he can find no meritorious assignments of error to raise and has concluded that this appeal is frivolous. *See State v. Gilbert*, 1st Dist. Hamilton No. C-110382, 2012-Ohio-1366, ¶ 5,  citing *Freels v. Hills*, 843 F.2d 958, 960 (6th Cir.1988); *see also Anders v. California*, 386 U.S.

738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel has communicated his conclusion to Mack and has offered him an opportunity to respond and to raise any issues. Mack has not done so. Counsel has, therefore, moved this court for permission to withdraw as counsel for Mack. *See Anders* at 744.

{¶5} In response, the state asserts that the trial court imposed a two-year prison term for the trafficking charge consecutive to a two-year prison term for the community-control violation. If that is the case, the judgment entry is incorrect, and the trial court failed to make the proper findings to support the imposition of consecutive sentences. *See State v. Jones*, 1st Dist. Hamilton No. C-130625, 2014-Ohio-3345, ¶ 14-16.

{¶6} At counsel's urging, we now assume our "sole obligation of conducting 'a full examination of all the proceedings * * * to decide whether the case is wholly frivolous.' " *See State v. Williams*, 183 Ohio App.3d 757, 2009-Ohio-4389, 918 N.E.2d 1043, ¶ 11 (1st Dist.), quoting *Anders* at 744. If we determine that the appeal is wholly frivolous, we may then proceed to a decision on the merits. *See In re Booker*, 133 Ohio App.3d 387, 390, 728 N.E.2d 405 (1st Dist.1999), citing *Anders* at 744. If, however, we conclude that "any legal points arguable on their merits and prejudicial to the defendant exist, we must ensure, prior to decision, that the indigent defendant receives the assistance of counsel to argue the appeal." *Gilbert* at ¶ 6, citing *Booker* at 390-391.

{¶7} If, as the state suggests, the four-year sentence was the result of the trial court sentencing Mack to two years in prison for drug trafficking and two years in prison for the community-control violation, the trial court may have erred in the manner in which it executed the entry and may not have properly supported its imposition of consecutive sentences with appropriate findings. Alternatively, if Mack

was sentenced to four years in prison for trafficking in cocaine, as the judgment entry states, the sentence imposed was twice what he had agreed to as part of his plea agreement.

{¶8}    Based on our review of the record and the applicable law, we cannot say that this appeal is wholly frivolous. Because legal points arguable on their merits remain to be resolved, we cannot now reach a decision on the merits of the appeal. *Gilbert* at ¶ 9, citing *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. Without the assistance of counsel to argue these matters for Mack, and without the state's response, we are ill-equipped to determine whether Mack was properly sentenced in this case. *See id.*

{¶9}    We, therefore, grant counsel's motion to withdraw.  We appoint attorney Jon R. Sinclair, Attorney Registration Number 0066136, to serve as counsel for Mack.  We order new counsel to present, in accordance with App.R. 12 and 16(A), an assignment of error on the issue of whether Mack was properly sentenced in this case, and on any other matter that new counsel may discover in a diligent review of the record.

{¶10}    We further order new counsel to file a brief on or before November 19, 2014, and counsel for the state to file a responsive brief on or before December 19, 2014.

Judgment accordingly.

**FISCHER** and **DEWINE, JJ.**, concur.

Please note:
    The court has recorded its own entry on the date of the release of this opinion.