[Cite as *State v. Martin*, 2017-Ohio-4144.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                          :          APPEAL NO. C-160507
                                                   TRIAL NO. B-1504302
 Plaintiff-Appellee,              :
                                                   *O P I N I O N.*
 vs.                               :

TRACY MARTIN,                           :

 Defendant-Appellant.             :


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed and Cause Remanded

Date of Judgment Entry on Appeal:  June 7, 2017

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Alex Havlin*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*John Treleven*, for Defendant-Appellant.

**MILLER, Judge.**

{¶1} Tracy Martin was indicted for five counts of aggravated vehicular assault, five counts of vehicular assault, one count of resisting arrest, and one count of operating a vehicle while intoxicated. Martin pled guilty to three counts of aggravated vehicular assault and two counts of vehicular assault. The remaining seven counts were dismissed. The court sentenced Martin to five years on each aggravated vehicular assault count and 18 months on each vehicular assault count. The court ordered Martin to serve two of the aggravated vehicular assault sentences consecutively to each other and concurrently with the remaining three counts, for an aggregate total sentence of ten years.

{¶2} Martin's appointed counsel has advised this court that, after a thorough review of the record, he can find nothing that would arguably support Martin's appeal, and that the appeal is wholly frivolous. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *see also Freels v. Hills*, 843 F.2d 958 (6th Cir.1988). Counsel, as required by *Anders*, has communicated this conclusion to Martin, and has offered him an opportunity to respond and to raise any issues. Counsel has also moved this court for permission to withdraw as counsel. *See Anders* at 744; *see also* 1st Dist. Loc.R. 16.2(C)(1) and 16.2(D)(2).

{¶3} If we determine that the appeal is wholly frivolous, we may then proceed to a decision on the merits without appointing new counsel. *See In re Booker*, 133 Ohio App.3d 387, 390, 728 N.E.2d 405 (1st Dist.1999), citing *Anders* at 744. If, however, we conclude that "any legal points arguable on their merits and prejudicial to the defendant exist, we must ensure, prior to decision, that the indigent defendant receives the assistance of counsel to argue the appeal." *State v. Gilbert*, 1st Dist. Hamilton No. C-110382, 2012-Ohio-1366, ¶ 5.

{¶4}    Counsel now requests that this court independently examine the record to determine whether the appeal is wholly frivolous. *See Anders* at 744. We have done so, and we agree with counsel's conclusion that the proceedings below were free of error prejudicial to appellant and that no grounds exist to support a meritorious appeal.

{¶5}    While not prejudicial to Martin, the trial court made the statutory findings for consecutive sentences at the sentencing hearing, but did not include those findings in the sentencing entry. *See State v. Thomas*, 1st Dist. Hamilton No. C-140070, 2014-Ohio-3833, ¶ 8-9. The omission of consecutive-sentence findings from the sentencing entry is a "clerical mistake [that] may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 30. Therefore, we overrule counsel's motion to withdraw from his representation of appellant. We affirm the trial court's judgment but remand the cause for a nunc pro tunc order correcting the sentencing entry.

{¶6}    We hold that this appeal is frivolous under App.R. 23 and without "reasonable cause" under R.C. 2505.35. But we refrain from taxing costs and expenses against appellant because he is indigent.

Judgment affirmed and cause remanded.

**ZAYAS, P.J.,** and **MYERS, J.,** concur.

Please note:
The court has recorded its own entry on the date of the release of this opinion.