THE STATE, EX REL. BATTEN, APPELLANT, *v.*
REECE, JUDGE, APPELLEE.

(No. 81-1147—Decided June 23, 1982.)

*Mr. Garland L. Batten, pro se.*

*Mr. Lynn C. Slaby,* prosecuting attorney, and *Mr. William E. Schultz,* for appellee.

*Per Curiam.* "Procedendo is a high prerogative writ of an extraordinary nature. It is an order from a court of superior jurisdiction to proceed to judgment * * *. Procedendo does not lie where * * * there is no clear legal right to such relief." *State, ex rel. Ratliff,* v. *Marshall* (1972), 30 Ohio St. 2d 101, 102; *State, ex rel. St. Sava,* v. *Riley* (1973), 36 Ohio St. 2d 171, 174.

Appellee's order of January 21, 1981, constitutes a final order or judgment within the meaning of R. C. 2505.02.*

---

* In part, R. C. 2505.02 provides: "An order affecting a substantial right in an action which in effect determines the action * * * is a final order which may be reviewed * * * ."

Appellant argues, however, that appellee should be ordered to proceed to a determination of his motion for reconsideration. In order to give credence to appellant's argument, we would be required to elevate the motion for reconsideration to the status of a motion for new trial. This, in fact, is precisely what appellant argues should be done. We decline to do so. See, *e.g., Pitts* v. *Dept. of Transportation* (1981), 67 Ohio St. 2d 378.

However, even had the court considered appellant's motion as one for a new trial, his cause is not aided thereby. There was no "trial" in this cause. Without a trial, a motion for a new trial is a nullity. Cf. *L. A. & D.* v. *Bd. of Commrs.* (1981), 67 Ohio St. 2d 384.

A review of appellant's complaint discloses that he can prove no clear legal right to the relief requested. Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.