[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
* * * * *
This matter is before the court on the application of petitioner, Gregory T. Howard, for a writ of procedendo directing respondents, Judges Lanzinger and Franklin, to rule on post trial motions.
In October 1996, petitioner appealed his denial of worker's compensation benefits to the Lucas County Court of Common Pleas. The matter proceeded to a bench trial. Following petitioner's case in chief, the defendants in that matter moved for and were granted a dismissal of the case pursuant to Civ.R. 41(B)(2).
Following journalization of the dismissal, petitioner sought a judgment notwithstanding the verdict and reconsideration. The trial court had not yet ruled on these motions when petitioner filed a notice of appeal on September 3, 1997. In his application, petitioner states that the court has announced that it will hold in abeyance further proceedings, including petitioner's pending motions, until disposition of the appeal.
A writ of procedendo is an order from a higher court to a lower court to proceed in cases in which the lower court has refused to act, inter alia, because the lower court erroneously believes it lacks jurisdiction to act. See, Whiteside, Ohio Appellate Practice (1996), 193-194. To obtain the writ, a petitioner must demonstrate a clear legal right to relief. Stateex rel. Battan v. Reece (1982), 70 Ohio St.2d 246, 247.
In general, when an appeal is perfected, the trial court is divested of jurisdiction over the case, except to take action in aid of the appeal. State ex rel. Special Prosecutors v. Judges
(1978), 55 Ohio St.2d 94, 97. While the trial court may take action on collateral matters such as contempt or appointment of a receiver, absent remand from the appellate court, it is without authority to rule on substantive matters. Id. Motions for reconsideration or judgment notwithstanding the verdict are substantive matters.
The trial court properly determined it was without jurisdiction to act. Accordingly, petitioner's application, on its face, fails to demonstrate a clear legal right to the relief he seeks. The application for the writ is dismissed. Costs to petitioner.
 _______________________________ Peter M. Handwork, P.J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _____________________________ James R. Sherck, J.
JUDGE
CONCUR.