[Cite as *State v. Temaj-Felix*, 2015-Ohio-3967.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-140138 |
| | | TRIAL NO. B-1102150 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| RODOLFO JOSE TEMAJ-FELIX, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: September 30, 2015

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Melynda J. Machol*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Roger W. Kirk*, for Defendant-Appellant.

Please note: we have removed this case from the accelerated calendar.

**STAUTBERG, Judge.**

{¶1}    Defendant-appellant Rodolfo Jose Temaj-Felix has taken this appeal from the Hamilton County Common Pleas Court's judgment overruling his "Motion for a New Trial." We affirm the court's judgment.

{¶2}    Temaj-Felix was convicted in November 2011 upon guilty pleas to aggravated vehicular homicide, aggravated vehicular assault, and two counts of failure to stop after an accident. He was sentenced to consecutive prison terms totaling 18 years. On appeal of that 2011 conviction, we affirmed the judgment of the trial court except for the sentences imposed for the two failure-to-stop offenses, charged in Counts 5 and 6 of the indictment, and remanded for resentencing on either Count 5 or Count 6 in conformity with the multiple-counts statute, R.C. 2941.25. *State v. Temaj-Felix*, 1st Dist. Hamilton No. C-120040, 2013-Ohio-387.

{¶3}    On remand, the trial court conducted a resentencing hearing and, on January 21, 2014, journalized a judgment of conviction.[1]

{¶4}    After his resentencing hearing, Temaj-Felix filed with the trial court a motion captioned "Motion for a New Trial." The court overruled the motion, and this appeal followed.

{¶5}    This appeal was not consolidated with Temaj-Felix's direct appeal in the case numbered C-140052 from his 2014 judgment of conviction. Nevertheless, the appeals were briefed, argued, and submitted together. In his brief, Temaj-Felix presents eight assignments of error. In this appeal, we decide his fourth and eighth assignments of error only as they challenge the denial of the relief sought in his "Motion for a New Trial."

---

[1] Temaj-Felix appealed his 2014 judgment of conviction separately in the case numbered C-140052.

### Standard of Review

{¶6}   In his motion, Temaj-Felix invoked R.C. 2945.79 and Crim.R. 33, authorizing the granting of a new trial, Crim.R. 32.1, governing the withdrawal of a guilty plea, and various constitutional protections.  In support of the motion, Temaj-Felix further argues that the sentence he received was disproportionate to the seriousness of his conduct and danger to the public, and he sought resentencing on the ground that the trial court had failed to make the findings to support consecutive sentences.  At the end of the motion, Temaj-Felix also requests that he be permitted to withdraw his guilty pleas on the ground that he and the state had agreed that his prison sentences would not exceed 15 years.

{¶7}   A Crim.R. 32.1 motion to withdraw a guilty plea provides a means for challenging the knowing, voluntary, and intelligent nature of a plea.  A criminal defendant may move to withdraw a guilty plea at any time after the imposition of sentence.  *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522.  But "a plea of guilty in a criminal case precludes the defendant from thereafter making a motion for new trial." *State v. Frohner*, 150 Ohio St. 53, 75, 80 N.E.2d 868, 880 (1948), paragraph thirteen of the syllabus.

{¶8}   A common pleas court, confronted with a postconviction motion invoking a rule or statute that does not afford the relief sought, "may recast [the] motion[] into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12, citing *Bush, supra,* and *State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131 (1999).  To the extent that Temaj-Felix, in his motion, sought to withdraw his guilty pleas on the ground that there had been agreement concerning

3

sentencing, the motion was reviewable under the standards provided by Crim.R. 32.1. *See Bush* at ¶ 14

{¶9} R.C. 2953.21 et seq., governing the proceedings on a petition for postconviction relief, permit a challenge to a judgment of conviction by an offender who claims a denial or infringement of his rights in the proceedings resulting in his conviction that rendered the conviction void or voidable under the state or federal constitution. R.C. 2953.21(A)(1). Temaj-Felix sought relief from his convictions on the ground that the trial court's failure to make consecutive-sentencing findings violated R.C. 2929.14(C)(4) and denied him an array of constitutional rights, including the right to due process. Because that claim was asserted after the direct appeal from his 2011 convictions and sought an order vacating his sentences based on an alleged denial of a constitutional right, it was reviewable under the standards provided by the postconviction statutes. *See Schlee* at ¶ 12; *Reynolds* at 160.

### Relief Was Properly Denied

{¶10} Temaj-Felix's fourth and eight assignments of error, read together, challenge the denial of the relief sought in his January 2014 motion. We find no merit to this challenge.

{¶11} *Crim.R. 32.1 motion to withdraw guilty pleas.* We conclude that the common pleas court properly declined to grant Temaj-Felix relief under Crim.R. 32.1. On a postsentence motion to withdraw a guilty plea, the movant bears the burden of demonstrating that withdrawing his plea is necessary "to correct manifest injustice." Crim.R. 32.1. *See State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. The decision to grant or deny the motion is discretionary with the court and may be disturbed on appeal only upon an abuse of

that discretion. *Smith* at paragraph two of the syllabus; *State v. Brown*, 1st Dist. Hamilton No. C-010755, 2002-Ohio-5813.

{¶12} In seeking to withdraw his guilty pleas, Temaj-Felix asserted that he and the state had "had a plea agreement for a sentence of no more than 15 years incarceration," but that the trial court had "not agree[d] with a 15 year prison sentence" and had instead imposed consecutive prison sentences totaling 18 years. The record does not show that his pleas were other than knowing, voluntary, and intelligent. The record clearly demonstrates that there were discussions about a possible plea agreement. However, the record is also clear that no agreement as to sentencing was reached between the state and Temaj-Felix. In any event, the trial court did not agree to any such proposed plea agreement, and is not bound to any proposed plea agreement. *See State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, 831 N.E.2d 430, ¶ 6. Thus, we can only concur with the common pleas court's conclusion, implicit in its judgment overruling his motion, that Temaj-Felix failed to sustain his burden of demonstrating that withdrawing his pleas was necessary to correct a manifest injustice. Accordingly, we hold that the court, in denying withdrawal of his pleas, did not abuse its discretion.

{¶13} ***Postconviction relief.*** Nor did the court err in denying Temaj-Felix postconviction relief in the form of resentencing based on the lack of consecutive-sentencing findings. A postconviction petition must be filed with the common pleas court within 180 days after the transcript of the proceedings is filed in the direct appeal. Temaj-Felix's postconviction motion was filed well after the time prescribed by R.C. 2953.21(A)(2) had expired. R.C. 2953.23 closely circumscribes a court's jurisdiction to entertain a late postconviction claim. The petitioner must show either that he was unavoidably prevented from discovering the facts upon

which his claim depends, or that his claim is predicated upon a new, retrospectively applicable federal or state right recognized by the United States Supreme Court since the time for filing his claim had expired. R.C. 2953.23(A)(1)(a). And he must show "by clear and convincing evidence that, but for constitutional error at [the proceedings leading to his conviction], no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted." R.C. 2953.23(A)(1)(b).

{¶14} The record does not, as it could not, demonstrate that but for the alleged sentencing error, "no reasonable factfinder would have found [Temaj-Felix] guilty of the offense[s] of which [he] was convicted." *See* R.C. 2953.23(A)(1)(b). Therefore, R.C. 2953.23 did not confer upon the common pleas court jurisdiction to entertain his late postconviction claim. While a court always has jurisdiction to correct a void judgment, *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19, the alleged sentencing error, even if demonstrated, would not have rendered Temaj-Felix's convictions void. *See State v. Wurzelbacher*, 1st Dist. Hamilton No. C-130011, 2013-Ohio-4009, ¶ 8; *State v. Grant*, 1st Dist. Hamilton No. C-120695, 2013-Ohio-3421, ¶ 9-16 (holding that a judgment of conviction is void only to the extent that a sentence is unauthorized by statute or does not include a statutorily mandated term or if the trial court lacks subject-matter jurisdiction or the authority to act).

### *The Judgment is Affirmed*

{¶15} The common pleas court properly denied the relief sought in Temaj-Felix's postconviction motion. Accordingly, we overrule the assignments of error and affirm the court's judgment.

Judgment affirmed.

**CUNNINGHAM, P.J.,** and **MOCK, J.**, concur.

6

Please note:

The court has recorded its own entry this date.

