[Cite as *State v. Barnett*, 2016-Ohio-8070.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | HOn. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2016-0028 |
| WILLIAM BARNETT | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Criminal appeal from the Muskingum
                                County Court of Common Pleas, Case No.
                                CR20080210

JUDGMENT:                       Affirmed


DATE OF JUDGMENT ENTRY:         December 5, 2016


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

D. MICHAEL HADDOX                     WILLIAM J. BARNETT
PROSECUTING ATTORNEY                  #586573
BY GERALD ANDERSON II                 Marion Correctional Institution
ASSIST. PROSECUTING ATTORNEY          Box 57
27 North Fifth St.                    Marion, OH 43301
Zanesville, OH 43702-0189

*Gwin, P.J.*

{¶1}    Appellant William J. Barnett ["Barnett"] appeals from the May 26, 2016 Judgment Entry of the Muskingum County Court of Common Pleas denying his motions which include a motion to withdraw his guilty plea; motion for a new trial; motion on hearing for newly discovered evidence; and amended motion to suppress DNA evidence.

*Facts and Procedural History*

{¶2}    The change of plea transcript indicates that Barnett entered a plea of guilty on April 9, 2009, to Rape in violation of R.C. 2907.02, a felony of the first degree, and Aggravated Burglary in violation of R.C. 2911.11, a felony of the first degree. In exchange for the plea, the state nolled Count 2 of the indictment alleging kidnapping in violation of R.C. 2905.01(A)(4) , the sexually violent predator specification to Count 2, the repeat violent offender specification to Count 2 and the sexually violent predator and repeat violent offender specifications to Count 3. The state recommended a 10-year sentence on Count 1 and Count 2 to be served consecutive to one another but concurrent with a sentence Barnett was currently serving in the Franklin County Court of Common Pleas. (T. at 3).

{¶3}    The facts underlying the allegations were put on the record by the state,

MR. SMITH: Thank you, Your Honor.  If this matter had proceeded to trial, the State believes the evidence would have shown that between October 8th  and October 9th, 2006, in Muskingum County, the defendant did, by force, stealth, or deception, knowingly trespass in an occupied structure located at 2926 Brookside Drive, Zanesville, Muskingum County, Ohio, with purpose to commit in that structure a criminal offense, that being

kidnapping and/or rape, and that he did inflict, attempt to inflict, or threaten to inflict physical harm upon his victim identified as …., this in violation of Revised Code Section 2911.11(A)(1).

With regard to Count 3, the State believes the evidence would have shown on the same date, time, and place the defendant did engage in sexual conduct with [the victim], who was not his spouse, and he compelled her to submit by force or threat of force, this in violation of Revised Code Section 2907.02(A)(2).

These charges stem from a Muskingum County Sheriff's Department investigation into a complaint filed by [the victim].   That investigation revealed that the defendant did enter into her apartment while she was gone, laying in wait for her.  When she did come home, he brandished a knife and did compel her to have sexual conduct with him and escaped. This investigation later was able to be solved through the use of forensic technology and DNA evidence.

T. at 11-12.

{¶4}    The trial court sentenced Barnett to 10 years on each count consecutive to each other but concurrent with the sentence Barnett was currently serving in the Franklin County Court of Common Pleas.  (Sent. Entry, filed May 12, 2009).

{¶5}    Barnett appealed raising as his four assignments of error:

I. THE DEFENDANT-APPELLANT WAS DENIED DUE PROCESS AND THE RIGHT TO A GRAND JURY INDICTMENT UNDER ARTICLE I, SECTION 10 TO THE OHIO CONSTITUTION AND THE FIFTH, SIXTH

AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BY A PROSECUTIO [SIC] AND RESULTING CONVICTION ON AN INSUFFICIENT INDICTMENT FOR AGGRAVATED BURGLARY WHICH DID NOT CONTAIN THE RECKLESS MENS REA ELEMENT AS REQUIRED BY LAW.

II. THE DEFENDANT-APPELLANT'S PLEA WAS NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY ENTERED UNDER ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

III. THE DEFENDANT-APPELLANT WAS DENIED DUE PROCESS AND WAS TWICE PLACED IN JEOPARDY IN VIOLATION OF ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHEN HE WAS SENTENCED TO CONSECUTIVE TERMS OF IMPRISONMENT FOR THE SAME OFFENSE.

IV. THE DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL UNDER ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

*State v. Barnett,* 5th Dist. Muskingum No. CT2009-0025, 2010-Ohio-1695, ¶5-¶8. This court affirmed Barnett's conviction and sentence. The Ohio Supreme Court declined to

exercise jurisdiction.  *State v. Barnett,* 126 Ohio St.3d 1582, 2010-Ohio-4542, 934 N.E. 355(Table).

{¶6}  On November 24, 2009, Barnett filed a petition for post-conviction relief to vacate or set aside his conviction in the trial court pursuant to R.C. 2953.21, claiming ineffective assistance of counsel alleging he was forced to accept the plea bargain due to misrepresentations made by counsel, he was denied a right to a preliminary hearing and his right to a speedy trial was violated.  The trial court denied Barnett's petition by Judgment Entry filed November 24, 2009.  No appeal was filed from the trial court's judgment entry denying Barnett's petition.

{¶7}  On October 23, 2015, Barnett filed: 1). Motion for Hearing on Newly Discovered Evidence; 2). Crim.R.  33(A)(4)(6) Motion for a New Trial on Evidence Not Available for Seven Years; 3). Crim.R. 32.1` Motion for Withdrawal of Guilty Plea- Hearing Requested.  On October 30, 2015, Barnett filed a Motion to Dismiss Alleged DNA Evidence.  On November 18, 2015, Barnett filed an Amended Motion to Suppress Alleged DNA Evidence.  The state filed a response to each motion filed by Barnett.  The trial court denied all of Barnett's motions by Judgment Entry filed May 26, 2016.

*Assignments of Error*

{¶8}  Barnett raises four assignments of error,

{¶9}  "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT IN DENYING HIS MOTION FOR WITHDRAWAL OF A GUILTY PLEA, HEARING REQUESTED.   THE TRIAL COURT ERRED IN NOT GRANTING THE DEFENDANT A HEARING ON HIS MOTION.  A COMPLAINT THAT CONTAINS ENOUGH FACTUAL MATTER WHEN TAKEN AS TRUE

SHOULD NOT BE DISMISSED. IN DISMISSING THE COMPLAINT, THE COURT ERRS.

{¶10} "II. IN A MOTION FOR NEW TRIAL ON EVIDENCE NOT AVAILABLE FOR SEVEN YEARS; IN A MOTION FOR NEW TRIAL ON NEWLY DISCOVERED EVIDENCE REQUIRED WHEN THAT EVIDENCE PROVES DEFENDANT NOT ONLY INNOCENT OF THE ALLEGED CRIME, BUT NO PROOF EXISTS SUPPORTING THAT CRIME OCCURRED. THE TRIAL COURT ERRS BY DISMISSING THE COMPLAINT WITHOUT A HEARING.

{¶11} "III. A MOTION FOR NEW TRIAL ON EVIDENCE NOT AVAILABLE FOR SEVEN YEARS. WHEN EVIDENCE KNOWN TO THE STATE WAS WITHHELD FROM DEFENDANT FOR SEVEN YEARS THAT PREVIOUSLY UNAVAILABLE EVIDENCE RENDERS THE INDICTMENT INSUFFICIENT, AND A VERDICT THAT'S NOT SUSTAINED BY SUFFICIENT EVIDENCE IN THE PRESENCE OF THE PREVIOUSLY UNAVAILABLE, INCLUDING AFFIDAVITS, REQUIRES DISMISSAL OR GRANTING OF A NEW TRIAL. THE TRIAL COURT ERRED WHEN IT FAILED TO HOLD A HEARING ON EACH ISSUE INSTEAD OF DISMISSING THE MOTIONS.

{¶12} "IV. ALTHOUGH DNA IS CONSIDERED THE SAME AS FINGERPRINT WHEN IT COMES TO EVIDENCE, CROSS EXAMINATION IS NOT A PROBLEM WITH A FINGERPRINT; HOWEVER, THE MINUTE AMOUNT OF DNA REQUIRED TO BE USED IN TESTING INCREASES DRAMATICALLY ITS SUSCEPTIBILITY TO CONTAMINATION FROM OTHER SOURCES

— PARTICULARLY FORM THE SAMPLE THAT IS BEING RUN IN COMPARISON TO. THE TRIAL COURT ERRED WHEN IT FAILED TO HOLD A HEARING ON EACH ISSUE INSTEAD OF DISMISSING THE MOTIONS."

*Pro se appellants*

{¶13} We understand that Barnett has filed this appeal pro se. Nevertheless, "like members of the bar, pro se litigants are required to comply with rules of practice and procedure." *Hardy v. Belmont Correctional Inst.*, 10th Dist. No. 06AP-116, 2006-Ohio-3316, ¶ 9. *See, also, State v. Hall*, 11th Dist. No. 2007-T-0022, 2008-Ohio-2128, ¶11. We also understand that "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules." *State v. Richard*, 8th Dist. No. 86154, 2005-Ohio-6494, ¶4 (internal quotation omitted).

{¶14} In *State v. Hooks*, 92 Ohio St.3d 83, 2001-Ohio-150, 748 N.E.2d 528(2001), the Supreme Court noted, "a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter. *See, State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500(1978)." It is also a longstanding rule "that the record cannot be enlarged by factual assertions in the brief." *Dissolution of Doty v. Doty*, 4th Dist. No. 411, 1980 WL 350992 (Feb. 28, 1980), *citing Scioto Bank v. Columbus Union Stock Yards*, 120 Ohio App. 55, 59, 201 N.E.2d 227(1963). New material and factual assertions contained in any brief in this court may not be considered. *See, North v. Beightler*, 112 Ohio St.3d 122, 2006-Ohio-6515, 858 N.E.2d 386, ¶7, *quoting Dzina v. Celebrezze*, 108 Ohio St.3d 385, 2006-Ohio-1195, 843

N.E.2d 1202, ¶16.  In the interests of justice, we shall attempt to consider Barnett's assignments of error.

I.

{¶15}  After reviewing Barnett's brief including his contentions, we have interpreted Barnett's first assignment of error in the following manner: The trial court erred in denying his post-sentence motion to withdraw his guilty plea without a hearing.

{¶16}  The entry of a plea of guilty is a grave decision by an accused to dispense with a trial and allow the state to obtain a conviction without following the otherwise difficult process of proving his guilt beyond a reasonable doubt.  See *Machibroda v. United States*, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473(1962).  A plea of guilty constitutes a complete admission of guilt.  Crim. R. 11 (B) (1).  "By entering a plea of guilty, the accused is not simply stating that he did the discreet acts described in the indictment; he is admitting guilt of a substantive crime."  *United v. Broce*, 488 U.S. 563, 570, 109 S.Ct. 757, 762, 102 L.Ed.2d 927(1989).

{¶17}  Crim.R. 32.1 provides that a trial court may grant a defendant's post sentence motion to withdraw a guilty plea only to correct a manifest injustice.  Therefore, "[a] defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice."  *State v. Smith*, 49 Ohio St.2d 261,361 N.E.2d 1324(1977), paragraph one of the syllabus.  Although no precise definition of "manifest injustice" exists, in general, "'manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process.'"  *State v. Wooden*, 10th Dist. Franklin No. 03AP–368, 2004–Ohio–588, ¶ 10, *quoting State v. Hall*, 10th Dist. Franklin No. 03AP–

433, 2003–Ohio–6939; *see, also, State v. Odoms*, 10th Dist. Franklin No. 04AP–708, 2005–Ohio–4926, *quoting State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83(1998) ("[a] manifest injustice has been defined as a 'clear or openly unjust act'") Under this standard, a post-sentence withdrawal motion is allowable only in extraordinary cases. *Smith*, 49 Ohio St.2d at 264, 361 N.E.2d 1324.

{¶18} "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Smith* at paragraph two of the syllabus. Thus, we review a trial court's denial of a motion to withdraw a guilty plea under an abuse-of-discretion standard, and we reverse that denial only if it is unreasonable, arbitrary, or unconscionable. *Odoms*, 2005–Ohio–4926.

{¶19} Barnett has failed to demonstrate that the evidence he presented to the trial court in the form of a test result from Ohio Bureau of Criminal Identification and Investigation ["BCI & I"] was "newly discovered."

{¶20} A review of the court's files reveals that trial counsel filed a motion to obtain a DNA expert, naming Genetic Technologies, Inc. on September 30, 2008. The grounds for the motion as described by counsel was discovery had indicated DNA testing was performed in Barnett's case. The trial court granted defense counsel's motion on October 3, 2008.

{¶21} On October 15, 2008, defense counsel filed a demand for specific discovery, including all lab reports, DNA test results, protocols, manuals and procedures utilized by the state's experts.

{¶22} On December 22, 2008, defense counsel filed a motion to compel discovery. In addition, defense counsel filed his response to discovery identifying Stephanie Beine of Genetic Technologies as a witness at trial. In his motion to compel, defense counsel informed the trial court of the following,

On January 12, 2009, the undersigned counsel received some of the specific DNA evidence that was requested on October 15, 2008. The undersigned counsel forwarded the evidence received to Defendant's expert on January 14, 2009. Once Defendant's expert received the specific DNA evidence produced by the State of Ohio, she immediately notified the undersigned counsel that it was not complete and that she needed the Procedure Manuals for both labs, the Quality Assurance Manuals for both labs, and the electronic data for both labs.

* * *

On February 19, 2009, the undersigned counsel received the additional BCI information that was requested but to date has not received the LabCorp information. On February 19, 2009, the undersigned counsel forwarded the additional BCI information to Defendant's expert for her review.

{¶23} The trial court granted defense counsel's motion to compel on March 4, 2009, ordering the state to provide specific discovery within five days.

{¶24} On March 31, 2009, the trial court approved payment to Genetic Technologies, Inc. for services performed for the defense from October 31, 2008 through March 27, 2009.

{¶25} Barnett plead guilty on April 9, 2009.

{¶26} Barnett produced no evidence that the state failed to comply with the trial court's March 4, 2009 order. No affidavit was presented from either counsel or Genetic Technologies, Inc. that the reports Barnett submitted with his motion were not produced and reviewed by the defense and the defense expert prior to the date on which he entered his negotiated guilty plea.

{¶27} Further, Barnett submitted in support of his motions a letter from his trial attorney dated September 30, 2014, in which counsel inform Barnett,

> Once Genetics Technologies completed their review and analysis, they called me with their opinion. Since their opinion was not favorable to you, they did not send me a written report nor did they feel it was necessary to perform their own DNA test.

{¶28} Accordingly, Barnett did not establish that the evidence was "newly discovered." The trial court did not abuse its discretion in denying Barnett's motion to withdraw his guilty plea without a hearing.

{¶29} Barnett's first assignment of error is overruled.

## II. & III.

{¶30} After reviewing Barnett's brief including his contentions, we have interpreted Barnett's second and third assignments of error in the following manner: the trial court erred in overruling his motion for a new trial.

{¶31} In *State v. Aleshire,* this court observed,

> Pleas of guilty that are knowingly, voluntarily, and intelligently entered waive the defendant's right to trial on the criminal charge or charges

involved. It necessarily follows, therefore, that "[a] plea of guilty in a criminal case precludes the defendant from thereafter making a motion for a new trial." *State v. Frohner* (1948), 150 Ohio St. 53, 80 N.E.2d 868, paragraph thirteen of the syllabus; *State, ex rel. Batten v. Reece*, 70 Ohio St.2d 246, 436 N.E.2d 1027; *State v. Franklin*, Greene App. No.2002-CA-7, 2003-Ohio-3831 at ¶ 10.

Moreover, allowing a defendant to file a motion for new trial instead of a motion to withdraw the plea permits the defendant to circumvent the more stringent standard set forth in seeking a withdrawal of a plea. *State v. Frohner, supra. See, also State v. Woodley*, Cuyahoga App. No. 83104 at n. 2. (*Citing State v. Burke* (Mar. 9, 2001), 2nd Dist. No. 17955; *State v. Vincent*, 4th Dist. No. 02CA2654, 2003-Ohio-473, at ¶ 20; *State v. Franklin,* 2nd Dist. No. 2002 CA 77, 2003-Ohio-3831).

Accordingly, because appellant entered guilty pleas to all the charges and waived his right to have a jury determine his guilt or innocence, the trial court correctly determined that it did not have jurisdiction to rule upon appellant's motion for a new trial. Therefore, we affirm the trial court's decision dismissing his motion for a new trial and overrule the appellant's assignment of error related to his filing of a motion for a new trial.

5th Dist. Licking No. 09-CA-132, 2010-Ohio-2566, ¶54-55; *Accord, State v. Armstrong,* 8th Dist., Cuyahoga No. 103088, 2016-Ohio-2627, ¶63; *State v. Temaj-Felix,* 1st Dist., Hamilton No. C-140138, 2015-Ohio-3967, ¶7.

**{¶32}** Accordingly, because Barnett entered guilty pleas to all the charges and waived his right to have a jury determine his guilt or innocence, the trial court did not have jurisdiction to rule upon his motion for a new trial. Barnett filed a separate motion to withdraw his guilty plea, which the trial court addressed.

**{¶33}** To the extent Barnett argues his plea was not knowing, intelligent and voluntary, Barnett was represented by different counsel on his direct appeal. Barnett did raise an assignment of error concerning whether his plea was knowing, intelligent and voluntary and an assignment of error concerning whether he was denied the effective assistance of counsel. Barnett did further raise these issues based upon similar arguments in his petition for post-conviction relief; however, he did not appeal the trial court's denial of his petition. Accordingly, the issues are barred by res judicata.

**{¶34}** Therefore, we affirm the trial court's decision dismissing his motion for a new trial and overrule the Barnett's second and third assignments of error related to his filing of a motion for a new trial.

IV.

**{¶35}** After reviewing Barnett's brief including his contentions, we have interpreted Barnett's fourth assignment of error in the following manner: The trial court erred in not conducting a hearing on Barnett's claim of contamination of the DNA evidence in his case.

**{¶36}** "The possibility of contamination goes to the weight of the evidence, not its admissibility." *State v. Richey*, 64 Ohio St.3d 353, 360, 595 N.E.2d 915 (1992), *overruled on other grounds, State v. McGuire,* 80 Ohio St.3d 390, 686 N.E.2d 1112 (1997). In other words, Barnett could have, but did not, chose to go to trial and argue that the DNA evidence was flawed. All of the evidence that Barnett cites to in his brief was available at

the time he entered his negotiated guilty plea.  Hence, the argument and the evidence were available to him before his plea,  direct appeal and his petition for post-conviction relief.

**{¶37}**  "Under the doctrine of res judicata, a final judgment of conviction bars the defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at the trial which resulted in that judgment of conviction or on appeal from that judgment."  *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967).  Res judicata also implicitly prohibits a defendant from "re-packaging" evidence or issues that either were, or could have been, raised in the context of the petitioner's trial or direct appeal.  *State v. Lawson*, 103 Ohio App.3d 307, 315, 659 N.E.2d 362(12th Dist. 1995).

**{¶38}**  Barnett's arguments do not raise any issues that are dependent upon evidence outside the trial court record.

{¶39} Barnett's fourth assignment of error is overruled.

{¶40} The judgment of the Muskingum County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Wise, J., concur