**[Cite as *State v. Wilmington*, 2023-Ohio-512.]**

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2022-P-0048** |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| ANTHONY L. WILMINGTON, | |
| Defendant-Appellant. | Trial Court No. 2021 CR 00754 |

# **O P I N I O N**

Decided: February 21, 2023
Judgment: Affirmed

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Anthony L. Wilmington*, pro se, PID# A791-298, North Central Correctional Complex, 670 Marion-Williamsport Road, P.O. Box 1812, Marion, OH 43302 (Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1}    Appellant, Anthony L. Wilmington ("Mr. Wilmington"), appeals the judgment of the Portage County Court of Common Pleas denying his post-sentence motion for a new trial.

{¶2}    Mr. Wilmington raises one assignment of error, contending that he received ineffective assistance of trial counsel that resulted in him pleading guilty and being sentenced to a lengthy prison term.

{¶3}    After a careful review of the record and pertinent law, we find that the trial court did not abuse its discretion in denying Mr. Wilmington's post-sentence motion. To

the extent Mr. Wilmington's motion constituted a motion for a new trial, Mr. Wilmington's guilty pleas precluded him from filing such a motion. To the extent Mr. Wilmington's motion may be construed as a motion to withdraw his guilty pleas, the record demonstrates that Mr. Wilmington's guilty pleas were knowingly, intelligently, and voluntarily made; therefore, Mr. Wilmington cannot establish manifest injustice.

{¶4} Thus, we affirm the judgment of the Portage County Court of Common Pleas.

### Substantive and Procedural History

{¶5} In August 2021, the Portage County Grand Jury indicted Mr. Wilmington on three felony counts: (1) felonious assault, a second-degree felony, in violation of R.C. 2903.11; (2) murder, an unclassified felony, in violation of R.C. 2903.02 and 2929.02; and (3) tampering with evidence, a third-degree felony, in violation of R.C. 2921.12. The state alleged that Mr. Wilmington entered the property of his neighbor, Damon Turley ("Mr. Turley"), struck him with a brick, and moved the brick onto his own property so it would appear that the altercation occurred there. Mr. Turley later died.

{¶6} Mr. Wilmington appeared with counsel and pleaded not guilty. He subsequently entered into a written plea agreement in which he agreed to plead guilty to felonious assault and tampering with evidence in exchange for the state's agreement to dismiss the murder charge.

{¶7} In April 2022, the trial court held a plea hearing. The parties' counsel summarized the written plea agreement for the record, requested a presentence investigation, and stated that they would argue sentencing. Mr. Wilmington's counsel informed the trial court that he had reviewed the plea agreement with Mr. Wilmington,

2

Case No. 2022-P-0048

explained to him what a presentence investigation was, and explained to him that prison was not mandatory but that "the court will decide, with both sides free to present their evidence." The trial court addressed Mr. Wilmington, and he confirmed that he intended to plead guilty to felonious assault and tampering with evidence.

{¶8} The trial court engaged in a plea colloquy with Mr. Wilmington pursuant to Crim.R. 11. The trial court stated the maximum penalties for the offenses; informed Mr. Wilmington of the constitutional rights that he would be waiving; explained that by pleading guilty, Mr. Wilmington was "admitting each and every element of these charges"; and explained that it could sentence Mr. Wilmington to prison if it chose to proceed without a presentence investigation. Mr. Wilmington stated that he understood and entered guilty pleas to felonious assault and tampering with evidence. He confirmed to the trial court that he was doing so of his own free will; no one had promised him anything other than what was discussed in court; no one was forcing or threatening him in any way to enter his guilty pleas; his attorney had reviewed the written plea agreement with him; he was satisfied with his attorney; and he had no questions about his rights or his pleas.

{¶9} Following the plea colloquy, the trial court found that Mr. Wilmington had knowingly, voluntarily, and intelligently entered his guilty pleas, accepted his guilty pleas, found him guilty, and dismissed the murder charge. It set the matter for sentencing and ordered an expedited presentence investigation and a victim impact statement.

{¶10} At the sentencing hearing, the state played video footage of the incident, which was captured by Mr. Turley's surveillance system. The trial court sentenced Mr. Wilmington to prison terms of seven to ten-and-one-half years for felonious assault and

3

two years for tampering with evidence, to be served consecutively, for an aggregate prison term of nine to ten-and-one-half years.

{¶11} Mr. Wilmington, through counsel, filed an untimely notice of appeal, which this court dismissed. *See State v. Wilmington*, 11th Dist. Portage No. 2022-P-0027, 2022-Ohio-2104.

{¶12} In August 2022, Mr. Wilmington, pro se, filed a motion for a new trial on the purported basis of newly discovered evidence pursuant to Crim.R. 33(A)(6). In his memorandum in support, Mr. Wilmington alleged that he was denied effective assistance of trial counsel. Specifically, he alleged his trial counsel informed him that he would serve no prison time if he pleaded guilty; failed to file a motion to suppress evidence from Ohio BCI; and failed to conduct pretrial discovery. Shortly thereafter, the trial court filed a judgment entry stating as follows:

{¶13} "This matter came before the Court for [sic] upon Defendant's *pro se* Motion for New Trial. This matter was resolved as a plea, no trial was conducted. Therefore, said motion is not well taken and is hereby denied."

{¶14} Mr. Wilmington appealed and asserts the following assignment of error:

{¶15} "Counsel denied Petitioner effective assistance of Counsel by using trickey and fraud to induce Petitioner to plea guilty to the charge of felonious assault for a crime that Petitioner never committed." [Sic throughout.]

**Motion for a New Trial**

{¶16} This appeal involves the trial court's denial of Mr. Wilmington's post-sentence motion, which he framed as a motion for a new trial on the basis of Crim.R. 33(A)(6).

4

Case No. 2022-P-0048

{¶17} "A motion for new trial pursuant to Crim.R. 33(B) is addressed to the sound discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion." *State v. Schiebel*, 55 Ohio St.3d 71, 564 N.E.2d 54 (1990), paragraph one of the syllabus. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

{¶18} Crim.R. 33(A)(6) provides that "[a] new *trial* may be granted on motion of the defendant for any of the following causes affecting materially the defendant's substantial rights: * * * When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the *trial*." (Emphasis added.) However, "[a] plea of guilty in a criminal case precludes the defendant from thereafter making a motion for a new trial." *State v. Frohner*, 150 Ohio St. 53, 80 N.E.2d 868 (1948), paragraph thirteen of the syllabus. "Without a trial, a motion for a new trial is a nullity." *State ex rel. Batten v. Reece*, 70 Ohio St.2d 246, 248, 436 N.E.2d 1027 (1982).

{¶19} Here, there was no "trial" because Mr. Wilmington pleaded guilty to two charges, and the third charge was dismissed. Accordingly, the trial court did not abuse its discretion in denying Mr. Wilmington's motion.

### Motion to Withdraw Guilty Pleas

{¶20} To the extent Mr. Wilmington's motion may be construed as a motion to withdraw his guilty pleas, there remains no reversible error.

5

Case No. 2022-P-0048

{¶21} "An appellate court reviews a trial court's decision on a motion to withdraw a plea under an abuse-of-discretion standard." *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, 147 N.E.3d 623, ¶ 15.

{¶22} Crim. R. 32.1 states that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct *manifest injustice* the court *after sentence* may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." (Emphasis added.) Since Mr. Wilmington filed his motion after he was sentenced, the "manifest injustice" standard applies.

{¶23} A "manifest injustice" has been defined as a "clear or openly unjust act." *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998). The manifest injustice standard comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her. *State v. Gibson*, 11th Dist. Portage No. 2007-P-0021, 2007-Ohio-6926, ¶ 20. Under this standard, a post-sentence withdrawal motion is allowable only in extraordinary cases. *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977).

{¶24} In his motion, Mr. Wilmington alleged that his trial counsel provided ineffective assistance, which is a proper basis for seeking post-sentence withdrawal of a guilty plea. *See Gibson* at ¶ 26. To demonstrate ineffective assistance of trial counsel in this context, a defendant must show (1) counsel's performance was deficient and (2) the defendant was prejudiced by the deficient performance in that there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty.

6

*State v. Madeline*, 11th Dist. Trumbull No. 2000-T-0156, 2002 WL 445036, *3 (Mar. 22, 2002).

{¶25} However, "a guilty plea represents a break in the chain of events that preceded it in the criminal process; thus, a defendant, who admits his guilt, waives the right to challenge the propriety of any action taken by a trial court or trial counsel prior to that point in the proceedings unless it affected the knowing and voluntary character of the plea. * * * This 'waiver' is applicable to a claim of ineffective assistance of trial counsel unless the allegation caused the plea to be less than knowing and voluntary." *Id.* at *4.

{¶26} Generally, a guilty plea is deemed to have been entered knowingly and voluntarily if the record demonstrates the trial court complied with Crim.R. 11(C). *State v. Erich*, 11th Dist. Ashtabula No. 2016-A-0056, 2017-Ohio-8528, ¶ 20. Crim.R. 11(C)(2) provides, in relevant part, as follows:

{¶27} "In felony cases the court * * *shall not accept a plea of guilty * * * without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:

{¶28} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶29} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty * * *, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

7

Case No. 2022-P-0048

{¶30} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."

{¶31} As summarized above, the trial court engaged in a thorough plea colloquy with Mr. Wilmington that fully complied with Crim.R. 11(C)(2). Mr. Wilmington confirmed his understanding of the trial court's advisements. Therefore, the record demonstrates that Mr. Wilmington's guilty pleas were knowingly, intelligently, and voluntarily made. Since Mr. Wilmington cannot establish manifest injustice, the trial court did not abuse its discretion in denying Mr. Wilmington's motion.

{¶32} Mr. Wilmington's sole assignment of error is without merit.

{¶33} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas is affirmed.


JOHN J. EKLUND, P.J.,

MATT LYNCH, J.,

concur.

Case No. 2022-P-0048