[Cite as *State v. Wilmington*, 2024-Ohio-1941.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,

      Plaintiff-Appellee,

- vs -

ANTHONY L. WILMINGTON,

      Defendant-Appellant.

**CASE NO. 2024-P-0027**

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2021 CR 00754

---

## M E M O R A N D U M
## O P I N I O N

Decided: May 20, 2024
Judgment: Appeal dismissed

---

*Victor V. Vigluicci*, Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Anthony L. Wilmington*, pro se, PID# A791-298, North Central Correctional Complex, 670 Marion-Williamsport Road, P.O. Box 1812, Marion, OH 43302 (Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} This matter is before this court on appellant, Anthony L. Wilmington's, pro se motion for leave to file a delayed appeal, pursuant to App.R. 5(A), and his Notice of Appeal filed April 22, 2024.

{¶2} No response in opposition to the motion has been filed.

{¶3} Appellant's notice reflects that he is appealing the trial court's April 25, 2022 entry of conviction and sentence. An appeal from the April 25, 2022 sentencing entry is untimely by approximately two years.

{¶4} Appellant previously attempted to appeal from that entry in May 2022, but the appeal was dismissed as being untimely on June 21, 2022. In our memorandum opinion, we indicated that appellant had a remedy under App.R. 5(A) to file an untimely appeal. No new appeal or motion for leave to file a delayed appeal was filed. Rather, appellant moved the trial court for a new trial, which was denied. Appellant appealed, and on February 21, 2023, this court affirmed the trial court's decision in *State v. Wilmington*, 11th Dist. Portage No. 2022-P-0048, 2023-Ohio-512.

{¶5} App.R. 4(A)(1) states, in part:

{¶6} "* * * [A] party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within thirty days of that entry."

{¶7} App.R. 5(A) provides:

{¶8} "(1) After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:

{¶9} "(a) Criminal proceedings; * * *

{¶10} "(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and shall file a copy of the notice of the appeal in the court of appeals."

{¶11} As reason for filing an untimely appeal, appellant generally asserts that, because it was his first time in prison, he had no knowledge of the law, and his fellow

inmates "misled" and convinced him to file for a new trial and then to appeal from the entry denying his motion.

{¶12} Because appellant's motion fails to advance justifiable and specific reasons for an almost two-year delay in perfecting an appeal from his conviction and sentence, it is ordered that his motion for leave to file a delayed appeal is hereby overruled.

{¶13} Appeal dismissed.

MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

3